1   Kristin Zilberstein, Esq., (SBN 20041)
    Jennifer R. Bergh, Esq., (SBN 305219)
2   LAW OFFICES OF MICHELLE GHIDOTTI
    1920 Old Tustin Ave.
3   Santa Ana, CA  92705
    Tel: (949) 427-2010
4   Fax:  (949) 427-2732
    Email: KZilberstein@ghidottilaw.com
5
    Attorneys for Creditor
6   SRP 2013-9 Funding Trust, its successors and assigns

7                    UNITED STATES BANKRUPTCY COURT

8        CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

9   In re:                                    )    Case No.  6:18-bk-16237-MH
                                              )
10  Miguel Santa Maria and Lilia Maldonado    )
                                              )    Chapter 13
11           Debtors.                         )
                                              )    **OBJECTION TO CONFIRMATION OF**
12                                            )    **CHAPTER 13 PLAN**
                                              )
13                                            )    Honorable Mark D. Houle
                                              )
14                                            )    DATE: 09/27/2018
                                              )    TIME: 11:00 a.m.
15                                            )    CTRM: 303
                                              )    PLACE: U.S. Bankruptcy Court
16                                            )            3420 Twelfth Street
                                              )            Riverside, CA 92501
17                                            )
                                              )
18                                            )
                                              )
19                                            )
                                              )
20                                            )
                                              )
21                                            )
                                              )
22  _____ )
    //
23  //
    //
24

1

1    TO THE HONORABLE MARK D. HOULE, UNITED STATES BANKRUPTCY

2    JUDGE, THE DEBTORS, THEIR ATTORNEY OF RECORD AND THE CHAPTER 13

3    TRUSTEE, ROD DANIELSON:

4    COMES NOW SRP 2013-9 Funding Trust ("**Creditor**"), a secured creditor of the above-

5    named Debtors, and files the within Opposition ("**Opposition**") to the confirmation of the

6    Debtors Miguel Santa Maria and Lilia Maldonado ("**Debtors**") Chapter 13 Plan (the "**Plan**").

7    **I.**

8    **STATEMENT OF FACTS**

9    1.   On or about June 28, 2007 Debtors, for valuable consideration, made, executed and

10   delivered to American Home Mortgage, a Home Equity Credit Line Agreement and Disclosure

11   Statement (the "**Note**") with an original draw in the amount of $62,249.00 (the "**Loan**").

12   2.   Said Note is secured by a Deed of Trust ("**Deed of Trust**"), which encumbers the real

13   property commonly known as 15848 Rough Rider Pl., Victorville CA 92394 (the "**Property**")

14   dated June 28, 2007, and recorded July 3, 2007 as Document No.: 2007-0394565 in the Official

15   Records of San Bernardino County, California, naming American Home Mortgage as the

16   Beneficiary.

17   3.   All rights, title, and interests in the Note and Deed of Trust were thereafter assigned to

18   SRP 2013-9 Funding Trust.

19   4.   Creditor holds all rights, title and interests in the Note and Deed of Trust.

20   5.   On or about July 26, 2018, Debtors filed a voluntary Petition under Chapter 13 of the

21   Bankruptcy Code in the United States Bankruptcy Court, Central District of California, Case

22   No.: 6:18-bk-16237-MH (the "**Instant Petition**").

23   ///

24   ///

2

6. On or about August 8, 2018, the Debtors filed the instant Motion to Avoid Lien with respect to the Property.

7. Debtors represent that there is a senior lien encumbering the Property in favor of Metropolitan Life Insurance Company in the amount of $251,498.18.

8. Metropolitan Life Insurance Company has not yet filed a Proof of Claim in connection to the Instant Petition.

9. Debtors represent that the value of the Property is $239,133.00, based upon the Appraisal attached to Debtor's Motion.

10. Creditor has not had an opportunity to conduct an appraisal of the Property in order to obtain a professional opinion of its value.

11. Creditor believes that the value of the Property far exceeds the amount owed to the senior lien holder.

12. Creditor is in the process of obtaining an Appraisal of the Property to determine the Value of the Property.

**I.**

**ARGUMENT**

Application of the provisions of *11 United States Code Section 1325* determines when a Plan shall be confirmed by the Court.   Based on the foregoing, as more fully detailed below, the Plan cannot be confirmed as proposed because the Plan does not comply with the provisions of Chapter 13 of the United States Bankruptcy Code.

**A.  IMPERMISSIBLY MODIFIES CREDITOR'S RIGHTS**
11 U.S.C. §1322(b)(2)

The Plan modifies the rights of a creditor whose claim is secured only by a security interest in real property that is Debtor's principal residence in violation of 11 U.S.C. §1322(b)(2)

3

1    by: (1) not providing for cure of Creditor's arrears and (2) not providing for ongoing payments to

2    Creditor.   The Debtor's Plan does not provide for Creditor in any way.   The Debtor must tender

3    payments to Creditor and allow Creditor and provide for the cure of Creditor's arrears.

4    **B. CREDITOR'S LIEN IS SECURED BY EQUITY IN REAL PROPERTY**

5    **THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE AND MAY NOT BE**

6    **PROPERLY AVOIDED:**

7    11 U.S.C. 506(a)(1) provides that a creditor has an allowed secured claim to the extent of

8    the creditor's interest in the estate property, and an unsecured claim to the extent its claim

9    exceeds the value. 11 U.S.C. Section 506(d) provides that, to the extent that the lien secures a

10    claim against the debtors and it is not an allowed secured claim, such lien is void.

11    11 U.S.C. 1322(b)(2) provides that a plan may modify the rights of holders of secured

12    claims, other than a claim secured by a security interest in real property that is the debtor's

13    principal residence. However, where a creditor's claim, which is seemingly secured only by an

14    interest in the debtor's primary residence, is determined to be entirely unsecured pursuant to 11

15    U.S.C. Section 506, the lien is void. *See* In re Zimmer. 313 E.3d 1220 (9th Cir. 2002). The

16    reasoning stands under the 11 U.S.C. 1322(b)(2) that if the Court determines that the Creditor's

17    lien is secured by any equity "in real property that is the debtor's principal residence" then

18    creditor's lien may not properly be stripped.

19    The Senior Lien holder has not filed a POC as of the date of this opposition, therefore

20    there is no evidence as to the claim owed to the Senior Lien holder.  Thus, the Debtors should

21    not prevail in their argument that Creditor's lien is unsecured because the value of the property

22    is worth less than the amount of the Senior Lien Holder's claim.

23

24

1

C. **CREDITOR REQUESTS AN OPPORTUNITY TO OBTAIN A FULL**

2

**APPRAISAL OF ITS REAL PROPERTY COLLATERAL AND**

3

**REQUESTS ACCESS TO THE PROPERTY FOR THIS PURPOSE.**

4

Creditor requests an opportunity to obtain a valuation of the Property by conducting an

interior appraisal.  Creditor has not had an opportunity to obtain an appraisal of the Property.

5

Creditor requests the hearing on the Motion be continued for approximately 45 days to allow it

6

an opportunity to conduct a full appraisal of the Property, obtain a completed appraiser's report

7

and file a declaration regarding the same.  As of the date of this Opposition, Creditor's Counsel

8

is in the process of obtaining an appraiser to conduct and interior and exterior appraisal of the

9

Property.

10

WHEREFORE, Creditor objects to confirmation of the Plan and requests as follows:

11

      a.    The Plan be denied confirmation and the case be dismissed.

12

DATED:  September 19, 2018          THE LAW OFFICES OF MICHELLE GHIDOTTI

13

By: /s/ Kristin Zilberstein Esq._____
Kristin Zilberstein, Esq.

14

Attorney for SRP 2013-9 Funding Trust

15

16

17

18

19

20

21

22

23

24

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1920 Old Tustin Ave.
Santa Ana, CA 92705

A true and correct copy of the foregoing document entitled (*specify*): _____
_____
OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 09/19/2018_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Debtor's Counsel: Todd L Turoci, mail@theturocifirm.com
Trustee: Rod Danielson (TR), notice-efile@rodan13.com
U.S. Trustee: United States Trustee (RS), ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) __09/19/2018_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor: Miguel Santa Maria, 15848 Rough Rider Place, Victorville, CA 92394 (US Mail)
Joint Debtor: Lilia Maldonado, 15848 Rough Rider Place, Victorville, CA 92394 (US Mail)
Judge: Honorable Mark D Houle, 3420 Twelfth Street, Suite 365, Riverside, CA 92501-3819 (US Mail)

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/19/2018 | Krystle Miller | /s/ Krystle Miller |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**